Johnson, J.
The right of one having a general property in, or the right of possession of a chattel, to maintain trover for its tortious conversion, is a proposition too familiar to require illustration. The motion for a nonsuit resolves itself then into the question, whether, at the commencement of this suit, the plaintiffs had a property in, or the right of possession of the negroes which are the subject of it.
The deed, under which the plaintiffs claim, must, like all others, be so construed, that it may take effect according to thé *332 intention to be collected from the deed itself; and whether we conspjer this with reference to the contract, or the habendum alone, there is no doubt about the intention. The donor, as recited in the deed, was about to be married to a second husband; and being desirous to secure her property to her own separate use during her life, and to her children by her former marriage after her death, conveyed the negroes in question to Samuel Hughens : for otherwise the intended husband’s marital rights would have attached, and her power over them would have ceased upon her marriage. And this intention is so expressed in the habendum as to admit of no doubt: It is to her separate use'for life, and after her death to the use of the plaintiffs. Take these negroes, but you are to suffer me to use them, or receive the proceeds of their labour, during my life; and after my death deliver them over to the plaintiffs. This is the plain common sense interpretation, and it must take effect accordingly.
According to this interpretation, the trustee himself had only a special property in the negroes, to keep them during the life of the donor, and then to deliver them to the plaintiffs: The right of possession, as well as the right of property, accrued therefore to the plaintiffs in the instant of the death of the donor. According to the terms of the trust, no act was necessary on the part of the trustee, to invest the cestuy que trust with the right of of property ; not even a conveyance, for personal estate passes without it. From the death of the donor therefore, they had a vested interest, which the trustee could neither withhold, nor charge with any burthen. A. delivers goods to B. in the confidence that he will deliver them to C. upon request, or at a given period. C. may maintain trover against B. or a stranger for their wrongful conversion. Flewellin v. Rave, 1 Buls. 68, cited Com. Dig. Action upon the case. Trover B. Jackson v. Anderson, 4 Taunt. 24. So if one give an order on his bailee for the delivery of goods to a third person, that third person may maintain trover for them, if the bailee refuse to deliver them. And so also, a factor may maintain trover for goods consigned to him, although they had never been in his possession. Fowler v. Down, 1 Bos. & Pul. 44. And all these cases proceed upon the ground, that the plaintiff has either a property in the goods, or the right of possession. Now what is this case 1 On the death of the donor, according to the legal effect of the deed, the plain *333 tiffs had both the right of possession, and a vested interest in the negroes; and the defendant, a stranger, has converted them to his own use: they are therefore intitled to maintain this action against him.
The case of M'Clure, et ux. v. Miller, et al. decided in this Court a few terms past, and which is j'et in manuscript, is decisive of all the grounds taken for a new trial. It is rare to find two cases more alike; and in reference to both the grounds now taken, Judge Nott remarks, that it was hardly necessary to say, that the conveyance could be no fraud on the marital rights, when the husband knew of it before the marriage. I will not say, he adds, but that a case might arise, in which, if the wife being indebted should fraudulently conceal that fact, and make a voluntary conveyance of her whole property, or of so much as to leave her unable to pay her debts, and the husband should be compelled to pay the debts, he might not be allowed to stand in the place of creditors, and avoid the conveyance, although he knew of it before the marriage.
In addition,-1 will only add, that a provision by a woman for the children of a former marriage, seems to be an exception to the general rule, as to secret and voluntary conveyances made by a woman in contemplation of marriage, and in fraud of the marital rights of the husband; and that such conveyance will be good. Lyles v. Lyles, Harp. Eq. Rep. 292.
The defendant’s claims, on account of his liability for the debts of his wife, do not arise in this case, if there is any thing in them. It does not appear how that liability arose, and if there is a liability, the defendant must discharge it before he can claim to be put on the footing of a creditor at law, for he may, for any thing that we can foresee, never pay them. The motion is therefore dismissed.
Harper, J. concurred.
O’Neali., J. having been of counsel in the cause, gave no opinion.